No. 7764.

BOARD OF SCHOOL DIRECTORS OF CONCORDIA VS. ALBERT G. OBER.

The Board of School Directors of a parish are without authority to bring suit for the revendication of land donated by Congress to the State for public school purposes, and sold under a law of the State, unless empowered to do so by a legislative act.

APPEAL from the Thirteenth Judicial District Court, parish of Concordia.   *Hough*, J.

George S. Sawyer for plaintiff and appellee :

First—The sale relied on by defendant as the basis of his bankrupt title and prescription, viz.: the sale by the parish treasurer to York & Hoover, is null and void upon the face of it.   1st. because it does not appear that the inhabitants of said township ever gave their consent to authorize the said sale.   U. S. Statutes at large, vol. 5, p.

27

600 ; 12 A. 841 ; C. C. 1797, 1818, 1798, 1800, 1811, 1816, 1945 ; 29 A. 77.

Second—Because it does not appear on said record that said section was sold in lots of not less than forty, nor more than one hundred and sixty acres, as the law requires. Rev. Stat. of 1870, sec. 1316 ; C. C. 3010.

Third—Because it does not appear upon said record that there was any appraisement by sworn appraisers, selected as required by law, or what was the amount of said appraisement. 4 L. 421 ; 8 N. S. 246 ; 4 L. 150, 207 ; 11 M. 610, 675 ; 9 L. 542 ; C. C. 3010 ; 10 L. 285.

Fourth—The notes given for the price were not made payable to the Auditor of Public Accounts as the law requires. 10 L. 285 ; 3 L. 421 ; 4 L. 150, 207.

Fifth—It does not appear by legal evidence that there was any warrant from the proper officer to authorize the said sale, and the maxim " *De non existentibus et non apparentibus eadem est ratio*," has its application here.

The plea of estoppel is simply absurd ; the inhabitants have done nothing to estop themselves, and their trustees could do nothing to estop them ; *cestui qui* trusts or beneficiaries of trust cannot be estopped by the acts of their trustees, no more than minors can be estopped by the acts of their tutors.

O. Mayo for defendant and appellant :

First—That the School Board of Concordia parish cannot sue, or stand in judgment for the purposes sought to be accomplished in this suit.

In reply to plaintiff's first point, he quotes Miss. Rep. vol. 13, pp. 33 to 37 ; 13 An. 216 ; Act of Congress, February 15, 1843 ; 12 A. 366.

In reply to plaintiff's second point, he quotes 13 A. 213 ; 20 A. 174 ; 29 A. 534.

In reply to plaintiff's third point, he quotes 21 A. 425 ; 30 A. 174 ; 21 A. 428.

---

The opinion of the court was delivered by

MANNING, C. J. This suit is instituted to annul a sale of the 16th section in township 4 range 9 E. in Concordia parish, made in August 1860, when it was adjudicated to York & Hoover, from whom the defendant derived title through mesne conveyances. The defendant excepted to the capacity of the plaintiff to sue for the revendication of this land.

The sale was made by Purvis, the treasurer of that parish and the terms were complied with. The cash portion of the price was paid into

the State Treasury, and the notes, representing the credit instalments, were transmitted to the Auditor of Public Accounts. The plaintiff seeks to recover the land, and its rents and revenues during the intervening years.

These lands were donated by Congress to this State for public school purposes. By Act of Feb. 15, 1843, the legislature was authorized by Congress to provide for their sale and the conveyance of a fee simple title to the purchaser, and the manner of sale and disposition of proceeds was prescribed by our legislative Acts of 1855. The State is a trustee of the lands, or of the proceeds of their sale, for the use of the inhabitants of the townships wherein they are located. When then a suit was brought in the name of the State Treasurer, to whom the notes for the credit portion of the price of the land were made payable, for the rescision of the sale for their non-payment, and a similar exception to the present was made, the right of that officer to stand in judgment for the State was maintained. Hunter v. Williams, 16 Ann. 129.

Can the Board of School Directors of any parish represent the State in a like case without her authority? The plaintiff cites School Directors v. Anderson, 28 Ann. 739 as conclusive, but it is against him. That suit was on the part of the Board for Carroll parish, and the court maintained the right on the ground that legislative authority had been expressly given, by a law on the subject which was restricted to Carroll parish, Sess. Acts 1861, p. 93, though we are inclined to think if the language of that Act had been scrutinized, it would have been found deficient for that purpose. The plaintiff refers us to the act of 1877 for authority, Sess. Acts, p. 28, which created the parish Boards of Directors. The 4th sect. enumerates the powers and duties of these Boards with painful minuteness and exhaustive recitation, and in no one of its involved and elongated sentences is this power conferred, or any other analogous to it. So also we are referred to sec. 7 of the Act of 1874, but this merely authorizes the Superintendent of Public Education to appoint a lawyer to examine the notes given for the purchase of school lands, and to recover lands improperly held and revenues diverted. Sess Acts 1874, p. 216. But when lawyers are employed they must bring suit properly, in the legal way, and in the name of whoever is capable of suing for the land.

The title to this land has never been in the parish Board of School Directors. The title was in the State under the donation of the general government, and she held it for a specific purpose, with authority to sell the lands, and a mandate to hold the proceeds and invest them for the benefit of the schools. No doubt she could confer authority on the parish Boards of Directors to sue in her stead, but she has not done it. On the contrary the State has seemed very tenacious of this power, and

we think rightly, considering the position of trustee in which she stands to this fund. Never has she by a general Act given the parish Boards the power to sue in such case in their names and the exception was therefore well taken.

The lower court overruled the exception, and after hearing the merits of defence maintained them. We do not feel called on to go into their examination, and cannot therefore affirm the judgment upon the merits, but we cannot mulct the defendant in costs, therefore

It is ordered and decreed that the judgment of the lower court is reversed, and that there be now judgment maintaining the exception, and dismissing the plaintiff's suit at his costs in both courts.

Mr. Justice SPENCER is recused.

Rehearing refused.