LAND, J.
The plaintiff, as liquidator of the Lumbermen’s Mutual Accident Com *913 pany, sued the defendant to recover the sum of $2,217.04, representing the total of rebates or dividends paid by order of the board of directors to the defendant, as a policy holder, during the years 1905, 1906, and 1907. Plaintiff alleged that the defendant was a mere trustee for its insured workmen, who paid the premiums, and had no legal right to receive rebates or dividends from the company. Plaintiff further alleged that the resolutions of the board of directors directing the payment of said rebates or dividends were illegal, null, and void, because:
(1) The distribution of said rebates or dividends was restricted to certain policies that had been in force for the past year on plants that had remained insured for the full year, and where all the employés of the plant had been insured in the company.
(2) The defendant company and others similarly situated were not members of the Lumbermen’s Mutual Accident Company, and therefore had no right to receive or appropriate the assets of said insurance company.
(S) The giving of said rebates or dividends to the defendant and others was ultra vires of the board of directors of said corporation.
The petition further alleged that the charter of said insurance company was annulled, at the suit of the state, by judgment of the civil district court for the parish of Orleans rendered in November, 1909; and that the petitioner was thereupon duly appointed and qualified as liquidator of said corporation.
Defendant pleaded the prescription of three years, no cause or right of action, and estopped to deny that defendant was a policy holder and member of said insurance company by reason of the allegations and judgment in said suit.
These pleas and exceptions were referred to the merits without prejudice. The defendant for answer pleaded the general issue, and averred that the policies referred to in the petition were issued to the Minden Lumber Company as the assured, and that said corporation paid the premiums, and was entitled to the dividends which it received.
[2] In the suit of the state to annul the charter of the Lumbermen’s Mutual Accidept Company, the principal ground of alleged nullity was that corporation was “a mutual company with a membership composed largely, if not entirely, of corporations.” The evidence in this case shows that the company was organized in the interest of lumbermen, as indicated by its corporate name, and that its policy holders were for the most part corporations engaged in the lumber industry. As the insurance corporation was organized on the mutual plan, all who insured in it became ipso facto members of the corporation, and constituted the whole membership, as no one can become a member of a mutual insurance company who has not been insured in it, unless he is the assignee of a policy. 21 A. & E. Eney. Law (2d Ed.) p. 264.
Policies were issued to the defendant as the “assured,” in which the insurance company agreed to indemnify the defendant against bodily injuries sustained by its employés in the course of their employment. Each policy also contained a stipulation to indemnify the “assured” as trustee for the benefit exclusively of such of its employés as might sustain any bodily injury during the period covered by the insurance. The premiums were payable in monthly installment (the first in advance) as collected from the employés. The defendant as the assured became a member of the insurance company; and any other construction would result in leaving the corporation without members. Under such a duplex scheme of accident insurance, the employés contributed the premiums, and received the benefit of the insurance, but were unknown to the insur *915 anee company, and had no direct relations or dealings with the corporation. The contracts of insurance were made by the defendant with the accident company, and the provisions in the policies for the benefit of employSs were in the nature of a stipulations pour autrui. We therefore conclude that the defendant company was a member of the Lumbermen’s Mutual Accident Company.
On January 26, 1905, the board of directors of the company adopted the following resolution:
“On motion duly seconded, it was resolved that a rebate of twenty per cent, on the premiums of the past year be paid, as the 1905 premiums fall due and are paid, on all policies that have been in force for the past year, in plants that have remained insured for the full year, and where all the employSs, of the plant have been insured in the company.”
Similar resolutions were adopted on February 24, 1906, and February 18, 1907; and the defendant received the benefit of the rebates during said years. The “rebates” so called were really a bonus or premium for reinsurance, and were intended to operate a reduction pro tanto of the amount of the premium payments for the current year. In practice, the full amount of the annual premium was paid, and the insurance company during the year returned the percentage fixed by the resolutions of the board of directors.
[1] The charter of the insurance company contains the following provisions:
“Every power of this corporation which might be exercised by the members is hereby vested in _ the board of directors to be exercised by said board without the necessity of referring to the members for their approval, authority or ratification, in any matters whatsoever.”
The resolutions referred to above, therefore, must be given the same force and effect as if they had been approved by all the members of the corporation. The board of directors under said charter provision represented, not only the corporation, but all the members thereof. We think that the resolutions were within the legitimate powers of the board of directors, as representing the corporation. But there can be no question that said board, as the agent of the members, had the power to dispose of the funds of the corporation as the board deemed best in the interest of all the members. As the members were bound by the action of the board of directors, and as it is not alleged that the corporation had any creditors in 1905, 1906, or 1907, or at the date of its dissolution in 1909, we see no legal grounds on which the present action can be predicated. The liquidator in this suit is attempting to avoid and revoke executed contracts made by the board of directors in good faith, and acquiesced in by all the members of the corporation, and by all other parties in interest. The question of rebates as between the defendant and its employSs does not concern the plaintiff. The authorities cited by counsel for the liquidator have no application to the facts of this ease.
Judgment affirmed.