(67 South. 23)

No. 20535.

BOARD OF DIRECTORS OF PUBLIC SCHOOLS OF CALDWELL PARISH v. LOUISIANA CENTRAL LUMBER CO. et al.

(Dec. 14, 1914. Rehearing Denied Jan. 11, 1915.)

*(Syllabus by the Court.)*

SCHOOLS AND SCHOOL DISTRICTS ⬡⟶114 — SCHOOL PROPERTY — SCHOOL DIRECTORS — RIGHT OF ACTION.

The board of school directors of the parish of Caldwell has no authority to sue, as the representative or on behalf of the public schools, school children, taxpayers, and citizens of the parish, to recover property alleged to have been donated to the Pine Grove Academy for school purposes and alleged to have been sold by the trustees of the academy after the expiration of its charter.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 271; Dec. Dig. ⬡⟶114.]

Appeal from, Thirtieth Judicial District Court, Parish of Caldwell; George Wear, Sr., Judge.

Action by the Board of Directors of Public Schools of Caldwell Parish against the Louisiana Central Lumber Company and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

A. A. Gunby, of Monroe, for appellant. Stubbs, Russell, Theus & Wolff, of Monroe, for appellees Louisiana Central Lumber Co. and M. H. Spades.

O'NIELL, J. The plaintiff has appealed from a judgment dismissing this suit on the defendants' exceptions of misjoinder of parties, of improper cumulation of actions and of no cause or right of action.

It is an action to recover various tracts of land in the possession of the defendants, respectively, and to recover the value of the timber alleged to have been cut and removed from a part of the land by one of the defendants, and to recover, also, the value of the right of way of the defendant St. Louis, Iron Mountain & Southern Railway Company across the land.

The suit is brought in the name of the parish board of school directors as the representative of the public schools, school children, and school property of the parish of Caldwell.

The petition recites that two tracts of the land sued for were donated by James McCoy, Robert Chew, and Henry M. Hyams to the Pine Grove Academy on the 7th of January, 1839, for the exclusive purpose of an academy site, and that the balance of the land was donated by Daniel W. Coxe to the Pine Grove Academy on the 2d of May, 1839, for school purposes.

It is alleged that these donations were made for the benefit of the school children of the parish, and were made to the Pine Grove Academy and its directors because that corporation was created by Act No. 76 of 1838, by which $1,500 was donated by the state to the academy, for the use and benefit of the youth and inhabitants generally of the parish of Caldwell.

The plaintiff alleges that these lands were embraced in what was known as the Maison Rouge Grant, which was decreed invalid, in a contest between the United States and the claimants under the grant. It is alleged that subsequently, by the act of Congress of the 29th of July, 1854 (10 Stat. 802, c. 161), entitled "An act for the relief of Pine Grove Academy in Louisiana," the title in the academy and its president, directors, and trustees was confirmed.

It is alleged that a certain sale of this property by one William Sweaney to the police jury in 1843 and a certain sale by the sheriff in 1845, and all subsequent or other sales thereof, are absolutely null.

The plaintiff alleges that, under Act No. 76 of 1838, no authority was given to the Pine Grove Academy or its trustees to sell or otherwise dispose of the property of the corporation; that the statute of 1838 was repealed and superseded by Act No. 195 of 1860, reincorporating the Pine Grove Academy for a period of 25 years, at the expiration of which time the corporation ceased to exist.

It is alleged that, after the Pine Grove Academy had ceased to have a corporate existence, that is, on the 21st of August, 1903, its president and secretary sold, or pretended to sell, 2,369 acres of its land to the Greenville Land Company for the price of $5,922.50, and that the defendants are claiming title to the tracts occupied by them, respectively, under invalid titles acquired, or pretended to have been acquired, from the Greenville Land Company.

### Opinion.

The learned counsel for the plaintiff has not referred us to any law authorizing the plaintiff to prosecute this suit to recover the lands alleged to have belonged to the Pine Grove Academy. His argument is that the board of school directors has the administration of all the property of the public schools of the parish, and that, when the Pine Grove Academy ceased to have a corporate existence, its property became public school property. And he suggests that the board of school directors may assume the authority to prosecute this suit on behalf of the taxpayers, the school children, and citizens generally, of the parish, because the right does not seem to be vested in any other department of the government of the state or parish.

We are not called upon to determine what became of the title of the lands which had been donated to the Pine Grove Academy at the expiration of the term of its corporate existence, or who, if any one, has the right to sue to recover the property formerly belonging to the academy. The only question presented by the exceptions of no cause or right of action is whether the plaintiff has that right. And we are of the opinion that the right to institute this suit could only be conferred upon the plaintiff by a legislative act.

There is no authority or reason for the contention that the property of the Pine Grove Academy became public school property of this state or of the parish of Caldwell when the academy came to the end of its corporate existence.

In the case of School Directors v. Anderson, 28 La. Ann. 739, it was held that the board of school directors of the parish of Carroll had been given authority to sue to rescind a sale of a sixteenth section of land by a provision of Act No. 121 of 1861. That decision, however, was criticized, declared to have no general application, and was, in effect, overruled, in the case of Board of School Directors of Concordia Parish v. Ober, 32 La. Ann. 417, where it was said that the right to prosecute such a suit had been maintained in behalf of Carroll parish on the ground that the legislative authority had been expressly given by a statute which conferred the right only upon that parish; and the opinion was then expressed that, if the statute had been scrutinized, it would have been found deficient even in the authority conferred upon the parish of Carroll.

As the plaintiff has no proprietary interest in the subject or object of this suit, no administrative authority in the premises, no legislative authority or implied right to prosecute this suit, the judgment of the district court, maintaining the defendants' exceptions of no cause or right of action and dismissing the plaintiff's suit, was correct, and it must be affirmed.

It is therefore unnecessary to consider the other pleas or exceptions.

The judgment appealed from is affirmed, at the cost of the appellant.