SOMMERVILLE, J.
On motion to dismiss appeal with damages. Defendant Roussel in proper person, without being joined by Jasmin Feitel, his codefendant and appellee, and without being represented by counsel, files what he terms a motion to dismiss.
[1, 2] The document is very lengthy, being composed of some 20 numbered paragraphs, many of which refer to the merits of the case, and some of them to matters out of the record. It also contains insulting and impertinent expressions which are forbidden in pleadings. All of these matters will be disregarded by the court in disposing of the motion.
Mover asks that the appeal be dismissed *918 a's being frivolous, with 10 per cent, damages, “as pointed out by article 909 of tbe Code of Practice.” But that article bas reference to reasons for judgment by tbe Supreme Court. On bis brief be mentions article 109, C. P., wbicb refers to suits by tutors.
Tbe article in tbe Code referring to frivolous appeals is 907, where it is provided that damages may be allowed on tbe value of tbe amount in dispute in confirming a judgment, if tbe appellee prays for damages in bis answer to the appeal.
Appellee bas not answered tbe appeal, ánd asked for damages. He bas moved to dismiss the appeal, and his prayer for damages falls. They destroy one another.
In his long motion to dismiss appellee has failed to set forth any defect, error, or irregularity in the proceeding which would entitle him to have tbe appeal dismissed.
Tbe motion is denied.