(72 South. 960)

No. 22147.

BOARD OF SCHOOL DIRECTORS OF CALDWELL PARISH v. MERIDITH et al.

(On Motion to Dismiss, Oct. 16, 1916. On the Merits, Nov. 13, 1916.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. APPEAL AND ERROR ⟨⟩780(1)—DISMISSAL—DETERMINATION OF MOTION.

Where a judgment is, in its nature, appealable, and an appeal has been granted and perfected, the right to be heard thereon does not depend on the merits of appellant's case, which are to be determined on the hearing, and not upon a motion to dismiss.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3121; Dec. Dig. ⟨⟩780(1).]

On the Merits.

2. SCHOOLS AND SCHOOL DISTRICTS ⟨⟩2—PRIVATE SCHOOLS—INCORPORATION—POWERS OF TRUSTEES.

A corporation organized by the Legislature for educational purposes in a particular parish, for the benefit of the people of that parish, and the same act names certain persons as incorporators, to be known as "trustees," does not confer on the incorporators any proprietary rights whatever in the property of the corporation. The trustees have the power ·to administer the affairs of said corporation to the exclusion of every other person during the life of said corporation.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 2; Dec. Dig. ⟨⟩2.]

3. CORPORATIONS ⟨⟩621(2) — RECEIVERS — RIGHT TO APPOINTMENT.

When a corporation has become defunct, any individual who·has an interest therein may ask for the appointment of a receiver in the court of the district where the property is located.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2465, 2471; Dec. Dig. ⟨⟩621(2).]

4. CORPORATIONS ⟨⟩621(1)—RECEIVERS—APPOINTMENT—POWER OF COURT.

Where plaintiff alleges the necessity of the appointment of a judicial liquidator to a defunct corporation, and the defendant alleges that the corporation has been dissolved, and that there are funds belonging to said corporation; and there is no provision in the charter for the liquidation of its affairs, the court may proceed to the appointment of a receiver, or a judicial liquidator, on the face of the papers.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2461–2464, 2471; Dec. Dig. ⟨⟩621(1).]

5. CORPORATIONS ⟨⟩621(4) — RECEIVERS — RIGHT TO APPOINTMENT.

When an applicant to be appointed judicial liquidator to a defunct corporation is charged with having maladministered the affairs of said corporation, the application is properly refused.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2467, 2471; Dec. Dig. ⟨⟩621(4).]

6. STATUTES ⟨⟩80(1) — LOCAL AND SPECIAL LAWS—LIQUIDATION OF CORPORATION.

Act No. 24, 1915, p. 55, which authorized the board of school directors of Caldwell parish to cause a judicial liquidation of a defunct corpora-

tion, is not violative of article 48 of the Constitution.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 86; Dec. Dig. ☞80(1).]

7. CONSTITUTIONAL LAW ☞249—EQUAL PROTECTION OF LAW—LIQUIDATION OF CORPORATION.

The act does not deny to the trustees of the Pine Grove Academy, or the creditors of said corporation, the equal protection of the laws of the state.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 710; Dec. Dig. ☞249.]

Appeal from Thirtieth Judicial District Court, Parish of Caldwell; George Wear, Sr., Judge.

Action by the Board of School Directors of Caldwell Parish against J. J. Meridith and another, liquidators. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 139 La. 35, 71 South. 209.

Hundley & Hawthorn, of Alexandria, for appellants. S. L. Richey, Dist. Atty., of Jena, A. A. Gunby, of Monroe, and J. D. Barksdale, of Ruston, for appellee.

### On Motion to Dismiss.

MONROE, C. J. Plaintiff herein brought a previous suit against the Louisiana Central Lumber Company et al. for the recovery of certain tracts of land said to have been donated to Pine Grove Academy and to have been conveyed to the parties made defendants without legal authority; the allegations of its petition, as recited in the opinion of this court being, in effect, that Pine Grove Academy was incorporated by Act 76 of 1838, whereby, also, the state donated to it the sum of $1,500 for the use and benefit of the youth and inhabitants generally of Caldwell parish; that in 1839 the lands in question were donated to it, for school purposes, by James McCoy, Robert Chew, Henry M. Hymans, and Daniel W. Coxe, and that the title thereto was confirmed by act of Congress of July 29, 1854 (10 Stat. 802, c. 161); that certain sales of the lands by William Sweany to the police jury in 1843, and by the sheriff in 1845, and all subsequent sales thereof were null; that neither the corporation nor its trustees were authorized to dispose of its property; that the act of 1838 was superseded by Act 195 of 1860, reincorporating the academy for 25 years, at the expiration of which period it ceased to exist; that thereafter, its president and secretary sold, or pretended to sell, 2.369 acres of its land to the Greenville Land Company; and that defendants were claiming under titles said to have been acquired from that company.

Plaintiff assumed to bring the suit as the administrator of the property of the public schools of the parish and as representing its school children, taxpayers, and citizens generally, upon the theory that, when Pine Grove Academy ceased to exist, its property became public school property. But the suit was dismissed for lack of interest or authority in plaintiff to bring it. School Board v. La. Cent. Lumber Co., 136 La. 337, 67 South. 23.

Thereafter (during the same year) the General Assembly passed Act No. 24 of the Extra Session of 1915, which declares (quoting in part):

"That the board of school directors of Caldwell parish be and they are hereby granted the right of action to provoke a judicial liquidation of the affairs, funds, and property of the late corporation known as Pine Grove Academy of Caldwell parish, and empowering the said judicial liquidator to sue for all property, real and personal, acquired by said Pine Grove Academy, or its directors and trustees, and belonging to same, on the date of its dissolution under the provision of Act 195 of 1860; that said judicial liquidator shall be, and he is hereby authorized to take possession of the said property and funds of the said academy, and administer same for the benefit of the public schools of Caldwell parish; provided, that the right to make any and all legal and equitable defenses is reserved to all persons or corporations who claim to have acquired title to any of the lands or other property originally donated to the said Pine Grove Academy."

Proceeding under the act thus quoted, the board then, on July 16, 1915, brought another suit, in which it alleged that it had accepted the terms of the act, and prayed that W. L. White, one of its members, be appointed

liquidator of Pine Grove Academy, and directed to administer its property and affairs for the benefit of the public schools of the parish.

The act in question was signed on June 11, 1915, and on June 24th following, J. J. Meridith and R. R. Redditt presented a petition to the district court, alleging that Pine Grove Academy had been dissolved by resolution of its board of trustees, that by the same authority they had been duly elected, and qualified liquidators of the corporation and dispensed from furnishing bond, and praying that the action of the trustees be confirmed and the authority vested in them (petitioners) as liquidators be recognized. There appears to have been filed with the petition what purport to be copies of the minutes of the board of directors and board of trustees, respectively, of Pine Grove Academy, which show that on June 19th (before the act of June 11th had become operative in that part of the state), J. J. Meridith and R. R. Redditt (the two defendants herein), together with C. P. Thornhill, calling themselves the board of directors of Pine Grove Academy, held a meeting "pursuant to a call of the president" (Thornhill), and voted that a meeting of the board of trustees be called for June 21st to deliberate upon the question of the dissolution of the corporation and the liquidation of its affairs; that on June 21st, accordingly, J. J. Meridith, R. R. Redditt, and C. P. Thornhill, calling themselves the board of trustees of Pine Grove Academy, assembled in that capacity, pursuant to the call of the board of directors (being joined theoretically, by F. M. Reed, represented by R. R. Redditt, A. B. Hundley, represented by J. J. Meridith, and Jos. N. Dial, represented by C. P. Thornhill), and, after a dozen or more preambles, resolved that it was the sense of the board that the academy be dissolved; that the assets be distributed for educational purposes and for the benefit of the inhabitants of Caldwell parish, after deducting the expenses of the liquidation; and that J. J. Meridith and R. R. Redditt be elected liquidators with full powers, dispensed from giving bond, and requested to have their election confirmed by the court. And upon that showing, the district court, on June 23d, made an order, ratifying and confirming the action of the board of trustees. When, therefore, on July 16th following, the school board, acting under the authority of Act 24 of June 11, presented its petition for the liquidation, it found defendants in possession (so to speak), and it proceeded contradictorily with them, praying that they be required to show cause why their appointments as liquidators should not be decreed void, and W. L. White appointed in their stead. To those demands the defendants excepted, on the grounds: (1) That they could not be proceeded against by rule; (2) that, if that should be allowed, the board was without authority to question the conduct, management, or liquidation of the affairs of the academy, for the reason that that corporation had been given perpetual existence by the act of 1838, and no other body or corporation could be authorized to meddle with its affairs; (3) that, having been elected liquidators and confirmed by the court, and being officers of the court, defendants could not be ousted save upon charges duly preferred and facts shown which would justify such removal; (4) that the matter of the appointment of liquidators was within the discretion of the trial court, and, the appointing power having been exercised, the appointees could not be dispossessed, save for cause duly shown.

There was judgment maintaining the exceptions and rejecting plaintiff's demands, from which it appealed to this court, where the judgment appealed from was reversed and the case remanded to be proceeded with according to law. Upon its return to the district court, plaintiff caused judgment by

default to be entered, which, however, was set aside upon the filing, by defendants, of an answer of great prolixity and verbosity. Plaintiff then ruled defendants to show cause why judgment should not be rendered, as prayed for by it, on the face of the papers, and, after hearing, such judgment was rendered, whereupon defendants prayed for and were allowed the appeal, which plaintiff now moves to dismiss, on the ground, in effect, that the same issues are presented by defendants' answer as were raised by their exceptions and decided adversely to them on the previous appeal.

[1] The motion to dismiss cannot be sustained. The answer of defendants presents other issues than those raised by their exceptions. The judgment appealed from, in effect, annuls a judgment previously rendered by the trial court, and dispossesses defendants of the authority thereby conferred. The judgment was, in its nature, appealable, and the appeal has been granted and perfected, and the right to be heard on such appeal does not depend on the merits of appellants' case, which are to be determined upon such hearing, and not upon a motion to dismiss.

The motion is therefore denied.

### On the Merits.

SOMMERVILLE, J. [2] In 1838, the Legislature, by Act No. 76, p. 79, established the Pine Grove Academy in the parish of Caldwell, "to be useful to the inhabitants of the parish of Caldwell" in an educational way; and it named 15 persons, constituting them "a body corporate and politic by the name and style of the trustees of the Pine Grove Academy." The corporation was given perpetual succession, and "all such other powers as are exercised and possessed by other corporations in this state of a similar nature." The trustees were named as the incorporators of the corporation, but they were not recognized in the act, or other-

wise, as the owners of the property of the corporation. They were only "the trustees of the Pine Grove Academy," intrusted with the administration of its affairs for the benefit and advantage of the inhabitants of the parish of Caldwell in an educational way.

The corporation having apparently become defunct, the Legislature, in 1860, by Act No. 195, p. 141, passed "An act to amend 'An act to incorporate the Pine Grove Academy in the parish of Caldwell, and for other purposes.'" The act named several persons mentioned in the first act, together with several others, making the number 15, and constituted them "a body politic and corporate, under the name and style of the trustees of the Pine Grove Academy"; giving it perpetual succession, but limiting the life of the corporation to 25 years, where no such limitation had been made in the original act. The new corporation became defunct on the expiration of its charter in 1885.

The corporation had acquired some property of which it was the owner at the time of the expiration of its charter. The only real parties in interest were the people of Caldwell parish, but they took no steps to have the charter renewed, or to have the affairs of the corporation liquidated.

It appears that the board of trustees has sold some of the property belonging to the corporation, and that it now has certain property or money in its hands. This board of trustees clearly has no proprietary or other interest in the property of the Pine Grove Academy. The several members of the board were merely administrators of the property and affairs of the corporation.

The board of directors of the public schools of Caldwell parish, conceiving itself to be the real party in interest, brought suit against the Louisiana Central Lumber Company for the recovery of certain property sold to it by the board of trustees. The court therein held that the plaintiff had not

been authorized by the Legislature to bring such suit; and the exceptions filed by the defendant, to the effect that the petition disclosed no cause or right of action, were sustained, and the suit was dismissed. 136 La. 338, 67 South. 23.

The Legislature, at the extra session of 1915, by Act No. 24, p. 54, declared the corporation to have actually gone out of existence long before 1885; had become legally defunct by the expiration of the amended charter; that no one was authorized to represent or act for it at that time; that its affairs had remained unliquidated and unsettled; and, as there were no stockholders or creditors authorized by the general law to liquidate this corporation, it authorized the board of school directors of Caldwell parish to bring an action to provoke the liquidation of the affairs, funds, and property of the corporation known as the Pine Grove Academy of Caldwell parish. Thereupon the board of school directors of Caldwell parish instituted a suit against defendants, who were and are claiming to be trustees or liquidators, or both, of the Pine Grove Academy, and asked for the appointment of a judicial liquidator to said corporation. The petition was met by several exceptions, which were sustained in the trial court, and the suit was dismissed. On appeal, the exceptions were overruled, and the cause was remanded to be proceeded with in accordance with law. 139 La. 35, 71 South. 209.

Thereupon, J. J. Meridith and R. R. Redditt answered, alleging themselves to be the duly qualified liquidators of the corporation, and denied the right of the plaintiff to ask for a judicial liquidation of its affairs.

The election of the board of trustees and their confirmation by the court to be the liquidators of the Pine Grove Academy were, under a resolution of the board of directors, held after the passage of the act of 1915, and before it became operative in Caldwell parish. In that resolution it was declared that "the said corporation be and is hereby declared dissolved," and that:

"In order to carry out the purposes of this resolution, J. J. Meridith and R. R. Redditt be and they are hereby elected as liquidators of said corporation, with power and authority to take charge of all the remaining assets belonging to said corporation, and distribute the same as in the judgment of said liquidators may be wise and proper, after deducting any and all expenses of the administration and liquidation of the affairs of said corporation, as well as the distribution of its assets."

The answer contains other averments, alleging the estoppel of the plaintiff and the unconstitutionality of the act of 1915.

Thereupon plaintiff moved that judgment be rendered upon the face of the papers, and that a liquidator be appointed to the trustees of the Pine Grove Academy. The court so ordered, and appointed a judicial liquidator, and the defendants have appealed.

Section 1, Act 300, 1914, p. 612, provides that on the trial of a rule filed by plaintiff and served on defendant to show cause why judgment should not be rendered on the pleadings, all allegations of fact contained in the answer shall be deemed and taken as true.

And as plaintiff alleged, and defendant also alleged, that the corporation had been dissolved, and that there was money belonging to the corporation, the court deemed these allegations to be true, and, recognizing the necessity for the appointment of a judicial liquidator, appointed such officer to the defunct corporation.

[3, 4] The ruling is in line with the law as contained in Act No. 26, 1900, p. 32, which provides:

"That in all cases where any corporation possessed of property rights or credits, has ceased to exist, or its charter has been repealed without providing for the liquidation of its affairs, the district court having jurisdiction of the place where said corporation was in existence, shall have the right and power on the application of any [one] interested, and on the application of the Attorney General, to appoint a receiver, to take charge of the property and effects of said corporation, to collect whatever debts, claims or

rights it may have, and to pay the debts of said corporation and finally liquidate the same."

The trustees of the Pine Grove Academy possessed property, rights, and credits. It has ceased to exist. Its charter has expired, and no provision was made for the liquidation of its affairs in its charter; and, the Legislature having authorized plaintiff to institute a suit for the appointment of a judicial liquidator, the action of the court in appointing such liquidator was correct.

Defendants in their answer allege that plaintiff is estopped to deny the legal existence of the corporation known as the "trustees of the Pine Grove Academy," because in 1903, it recognized the existence of said corporation in the purchase of certain real estate belonging to it. But such recognition in 1903 would not estop it from alleging, in 1915, under an act of the Legislature of that same year, declaring said corporation to have ceased to exist, that said corporation was defunct at that time.

[6] Defendants attack the constitutionality of Act No. 24, 1915, p. 54, as being violative of sections 12, 13, 18, and 20 of article 48 of the Constitutions of 1898 and 1913, which say:

"The General Assembly shall not pass any local or special law on the following specified subjects: * * * Creating corporations, or amending, renewing, extending, or explaining the charters thereof; provided, this shall not apply to [any] municipal corporations having a population of not less than twenty-five hundred inhabitants, or to the organization of levee districts and parishes. Granting to any corporation, association, or individual any special or exclusive right, privilege or immunity. * * * Concerning any civil or criminal action. Regulating the management of public schools, the building or repairing of schoolhouses, and the raising of money for such purposes."

Section 1 of the act attacked provides:

"Be it enacted by the General Assembly of the state of Louisiana, that the board of school directors of Caldwell parish be and they are hereby granted the right of action to provoke a judicial liquidation of the affairs, funds, and property of the late corporation known as the Pine Grove Academy of Caldwell parish, and empowering the said judicial liquidator to sue for all property, real and personal, acquired by said Pine Grove Academy, or its directors and trustees, and belonging to same, on the date of its dissolution under the provision of Act 195 of 1860; that said judicial liquidator shall be, and he is hereby authorized to take possession of * * * said property and funds of * * * said academy, and administer same for the benefit of * * * Caldwell parish; * * * that, the right to make any and all * * * equitable defenses is reserved to all persons or corporations who claim to have acquired title to any of the lands or other property originally donated to the said Pine Grove Academy."

The above act does not create any corporation, or amend, renew, extend, or explain the charter of any corporation. It does not grant to the plaintiff any special or exclusive right, privilege, or immunity, it does not concern any civil or criminal action, and it does not regulate the management of public schools, the building or repairing of schoolhouses, or the raising of money for such purposes. It is merely an act providing for the administration of the affairs of a defunct corporation through the courts of the state.

[7] The defendant further alleges that the act of 1915 denies to the Pine Grove Academy the equal protection of the law, and is repugnant to the amendment of the Constitution of the United States.

The trustees of the Pine Grove Academy had been dissolved, as declared by both plaintiff and defendants. It has no existence. It is not a corporation. And the argument of the defendants that the property of the corporation must go to its incorporators, and not to the state, or to any one else, is met by the fact that there were no incorporators, as is generally understood by the use of that word. The persons named in the original act of incorporation were called by the Legislature "The Trustees of the Pine Grove Academy." They were not the owners, or to become the owners, of any property owned by said corporation. The academy was established by the Legislature "in order to enable said academy to be useful to the inhabitants of the parish of Caldwell"; and,

the trustees of the Pine Grove Academy, at the meeting when it declared the corporation dissolved, declared "that the assets belonging to it, be used and distributed for educational purposes, and for the benefit of the inhabitants of Caldwell parish," after deducting the expenses of distribution. The property of the corporation was not therefore the property of the trustees of that corporation, after said corporation had been dissolved and had become defunct.

[5] The pleadings present applications on the part of plaintiff and defendants for the appointment, by the court, of a judicial liquidator or liquidators of the corporation known as the trustees of the Pine Grove Academy. Plaintiff alleges that it has been authorized by act of the Legislature to provoke the liquidation of said corporation, and that the defendants, who are applying to be appointed judicial liquidators, are ex-members of the board of trustees of said corporation, which has illegally and improperly parted with the property of said corporation to the detriment of the inhabitants of the parish of Caldwell, who are alone interested in said property. Under such circumstances there was but one line of conduct to pursue; and the trial judge appointed the judicial liquidator named by the plaintiff, and refused to appoint the defendants to that office.

Judgment affirmed.