100 So.2d 502

Mrs. Charlene Willoughby JONES, Dative
Testamentary Executrix,

v.

M. Carl JONES.

No. 43820.

Feb. 10, 1958.

Jackson, Smith, Mayer & Kennedy, Shreveport, Wynne & Wynne, Dallas, Tex., Philip Brin, Longview, Tex., of counsel, for plaintiff-appellant.

Hussey & Smith, Marion K. Smith, Shreveport, for defendant-appellee.

McCALEB, Justice.

Plaintiff, Mrs. Charlene Willoughby Jones, duly qualified as dative testamentary executrix of the estate of her late husband, Wilson Albert Jones, has appealed from a judgment of the district court rejecting her demands to recover $477,096.69 from the defendant, M. Carl Jones (brother of the deceased), which she claims had accrued to the credit of decedent up to the date of his death due to his retained one-fourth interest in an oil and gas lease assigned by him to the defendant in 1933, affecting certain lands in Gregg County, Texas.

Defendant has filed a motion to dismiss the appeal based on the ground that plaintiff-appellant had no right to prosecute the suit or to take an appeal from the adverse judgment of the district court, asserting that the functions of a testamentary executor without seizin are, as stated in Article

1660 of the LSA Civil Code, "* * * confined to see to the execution of the legacies contained in the will, and to cause the inventory and other conservatory acts of the property of the succession to be made".

The motion is not tenable. Whether plaintiff-appellant has a right to sue, or an interest to pursue, or capacity to sue is a matter which properly addresses itself to a hearing of the case and cannot be considered on a motion to dismiss. It is well settled that "Where a judgment is, in its nature, appealable, and an appeal has been granted and perfected, the right to be heard thereon does not depend on the merits of appellant's case, which are to be determined on the hearing, and not upon a motion to dismiss". Board of School Directors of Caldwell Parish v. Meredith, 140 La. 269, 72 So. 960.

In Lavergne v. Roussel, 129 La. 915, 916, 72 So. 453, the syllabus states:

"A motion to dismiss an appeal which sets forth no defect, error, or irregularity in the taking of the appeal or in the filing of the transcript in the appellate court will be denied."

See also Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 and compare authorities involving acquiescence in the judgment, moot questions and lack of appellate jurisdiction.

The motion to dismiss is denied.