McBRIDE, Judge.
Plaintiff-appellant took two appeals herein, one from a judgment dismissing his rule to tax certain items and the fee of an expert witness as costs of court; the other appeal being from a judgment rendered on a rule which had been brought by the defendant •ordering the Recorder of Mortgages for this parish to cancel and 'erase from the mortgage records the inscription of plaintiff’s judgment. Defendant now files “motion to •dismiss appeal,” but we glean therefrom that the dismissal of both appeals is sought. ‘The ground urged for dismissal of the first appeal, that is from the judgment dismissing the rule to tax costs, is that plaintiff’s right to have such taxation made has prescribed. 'The second appeal (which orders cancellation of the inscription of plaintiff’s judgment from the mortgage records) is alleged to be frivolous and dismissal is urged for 'that reason.
We do not think that the grounds asserted for the dismissal of the appeals are such "that we can properly consider them on this motion to dismiss. How can we say, without examining the contents of the record ■and searching the law on the question, whether plaintiff’s right to have the costs "taxed is prescribed? Whether the second appeal is frivolous is a matter that also addresses itself to the merits of the case; to make decision on either question would render it necessary to impinge on the merits which we cannot do on the motion.
In Board of School Directors of Caldwell Parish v. Meridith, 140 La. 269, 72 So. 960,
the Supreme Court in its syllabus said:
“Where a judgment is, in its nature, appealable, and an appeal has been granted and perfected, the right to be heard thereon does not depend on the merits of appellant’s case, which are to be determined on the hearing, and not upon a motion to dismiss.”
Also, in Lavergne v. Roussel, 139 La. 915, 72 So. 453, the Court in its syllabus said this:
“A motion to dismiss an appeal which sets forth no defect, error, or irregularity in the taking of the appeal or in the filing of the transcript in the appellate court will be denied.”
See, also, Jones v. Jones, 234 La. 549, 100 So.2d 502.
The motion is denied.
Motion denied.