PER CURIAM.
A defendant, to be entitled to a sus-pensive appeal from a judgment ordering him to deliver possession of the premises which he occupies, must have answered the rule for possession under oath pleading an affirmative defense entitling him to retain possession of the premises. LSA-C.C.P. art. 4735.
In this case plaintiffs sought to evict defendant by summary proceedings under LSA-C.C.P. arts. 4702-4704 from a certain tract of land and the building thereon (a camp) located in the Parish of St. Bernard. Plaintiffs averred that they are owners of the land and the building.
In his answer to the rule for possession defendant set up specifically that the tract of land is not owned by plaintiffs but by other persons, and that the camp was purchased by one of the plaintiffs from the United States Government as movable property under the condition that it be removed from the land on or prior to June 30, 1945. It is further alleged in the answer that the purchaser all but demolished the camp by removing therefrom certain portions of the structure, leaving the camp but a “shell” *420 which was thereupon abandoned. Defendant alleged further that he is occupying the premises by permission of the landowners.
After trial of the rule for possession, there was judgment in favor of plaintiffs ordering defendant’s eviction, from which judgment defendant has taken this suspen-sive appeal.
Now before us is a motion of appellees to dismiss the appeal on the ground that the special defense is not sufficient in law to sustain defendant’s remaining in possession in that one of the plaintiffs is the owner of the camp and the alleged permission obtained by defendant from the landowners to occupy the camp would not be binding on the owner of the building or prevent his reentry.
The district court did not consider such defense sufficient, but the right of appeal does not depend to any extent on the opinion of the district judge as to the merits of the case.
The question raised by the appeal involves an interesting proposition of law which we do not think this court should attempt to adjudicate on a motion to dismiss. It seems to us defendant is entitled to prosecute his suspensive appeal under LSA-C.C.P. art. 4735.
It was said by the Supreme Court in its syllabus in Board of School Directors of Caldwell Parish v. Meridith, 140 La. 269, 72 So. 960:
“Where a judgment is, in its nature, appealable, and an appeal has been granted and perfected, the right to be heard thereon does not depend on the merits of appellant’s case, which are to be determined on the hearing, and not upon a motion to dismiss.”
Also, in Lavergne v. Roussel, 139 La. 915, 72 So. 453, the Court in its syllabus said this:
“A motion to dismiss an appeal which sets forth no defect, error, or irregularity in the taking of the appeal or in the filing of the transcript in the appellate court will be denied.” See, also, Jones v. Jones, 234 La. 549, 100 So.2d 502.
The motion is denied.
Motion denied.