(71 South. 894)

No. 21924.

NATIONAL CITY BANK OF CHICAGO v. BARRINGER et al.

(May 9, 1916. Rehearing Denied June 5, 1916.)

*(Syllabus by the Court.)*

1. COURTS  224(11)—JURISDICTION—JUDGMENT ON RECONVENTIONAL DEMAND.

An appeal from a judgment on a reconventional demand, whatever its amount, should be to the court having jurisdiction of the main demand. Act No. 137 of 1904, amending Const. art. 95.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 617; Dec. Dig.  224(11).]

2. COURTS  485—JURISDICTION—TRANSFER OF CAUSES.

Judges of the Supreme Court and of the Courts of Appeal have the right, where cases have been appealed to the wrong court, to transfer said cases to the proper court, instead of dismissing the appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1292–1298; Dec. Dig.  485.]

3. APPEAL AND ERROR  786 — GROUNDS FOR DISMISSAL—APPEAL TAKEN FOR DELAY.

An objection that an appeal was taken for delay is no ground for dismissal. Code Prac. art. 907.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3128; Dec. Dig.  786.]

Appeal from Sixth Judicial District Court, Parish of Ouachita; Ben C. Dawkins, Judge.

Action by the National City Bank of Chicago against Mrs. George S. Barringer and another. From judgment for plaintiff, defendants appealed, and plaintiff moves to dismiss the appeal. Appeal transferred to Court of Appeal.

Stubbs & Theus, of Monroe, for appellants. Hudson, Potts, Bernstein & Sholars, of Monroe, for appellee.

LAND, J. Plaintiff sued Mrs. Barringer, as maker, and her husband, as indorser, of a certain promissory note, dated Chicago, Ill., January 23, 1914, payable six months after date to the order of the plaintiff in the sum of $2,000 at its banking house in said city,

with 7 per cent. per annum interest after maturity until paid, and with cost of collection and a reasonable attorney fee if not paid at maturity. The petition alleged that said note was secured by the pledge of certain shares of stock issued to the said Mrs. Barringer and duly indorsed in blank by her; that the plaintiff, acting under the authority of the contract of pledge, sold said shares for the net sum of $714.62, which amount was credited on said note as of date March 26, 1915.

Plaintiff prayed for judgment against the defendants for $2,000, with 7 per cent. interest thereon from July 23, 1914, and 10 per cent. on the amount of the principal and interest as attorney fees, less the credit of $714.62 paid on March 26, 1915.

The defendant Mrs. Barringer for answer pleaded the general issue, admitting, however, that she signed the note and act of pledge in question, but averred that the same were executed in the parish of Ouachita, state of Louisiana, and were delivered to her husband, and that the whole transaction was between her said husband and the plaintiff bank, and was an unlawful effort on their part to bind her and her separate property for the debts of her husband and the community.

Defendant, reconvening, prayed for judgment annulling said act of pledge and decreeing defendant to be the owner of said certificates of stock, and ordering plaintiff to deliver them to her within such time as the court may fix, and on failure to do so for judgment in reconvention for the full sum of $2,500, with legal interest from date of judgment.

In the event of the defendant being held liable on the note, she prayed that the same be credited with the sum of $1,200, representing the full amount of the proceeds of the sales of said certificates.

The case was tried, and judgment was rendered in favor of the plaintiff as prayed for in its petition.

Defendant applied for and was granted an order of appeal, suspensive and devolutive, returnable to the Supreme Court. Defendant perfected the appeal by furnishing a suspensive appeal bond according to law.

Five days later the plaintiff filed a motion to discharge and vacate the order of appeal, on the ground that the same was inadvertently signed and granted by the judge, and was not taken in good faith. The motion was tried, and the judge testified that he did not read the order, or notice that the order was for an appeal to the Supreme Court. The motion was submitted and denied.

Plaintiff has filed in this court a motion to dismiss said appeal for want of jurisdiction ratione materiæ, and represents that the appeal was not taken in good faith, and therefore should not be transferred to the Court of Appeal.

[1-3] As the amount sued for is less than $2,000, this court has no jurisdiction of plaintiff's demand. Const. art. 85.

The judgment in favor of the plaintiff necessarily operated a rejection of the reconventional demand based as it was on the nonliability of the defendant as the maker of the note sued on by the plaintiff.

Act No. 137 of 1904, adopted as an amendment to article 95 of the Constitution, provides as follows:

"In all cases where there is an appeal from a judgment rendered on a reconventional, or other incidental, demand, the appeal shall lie to the court having jurisdiction of the main demand."

It is manifest that the appeal of defendant should have been taken to the Court of Appeals of that circuit. Jung & Sons Company v. L. A. Trosclair (No. 20440) 71 South. 524, ante, p. 321. Act No. 56 of 1904, p. 135, provides that:

Judges of the Supreme Court and of the Courts of Appeal "shall have the right, in cases

where the appellant or appellants have appealed to the wrong court, to transfer said case to the proper court instead of dismissing the appeal," etc.

In Samuel Israelite Baptist Church v. Thomas, 117 La. 253, 41 South. 564, we held that such right to transfer, "is left to the sound discretion of the court," and dismissed the appeal in that case because the claim of the plaintiff for damages was "manifestly and preposterously inflated." The case at bar presents no such feature.

As plaintiff's judgment bears interest at the rate of 7 per cent. per annum, and is secured by a suspensive bond, we fail to perceive what special injury will result to the plaintiff by the delay caused by the appeal to this court.

It is therefore ordered that this appeal be transferred to the Court of Appeal for the parish of Ouachita; and it is further ordered that the appellants pay all costs in this court.