(113 So. 459)

Nos. 28288, 28488.

BERTONIERE et al. v. SAVOURE et al.

BANK OF NEW ROADS v. SAME.

March 28, 1927. On the Merits, May 23, 1927.

*(Syllabus by Editorial Staff.)*

On Motion to Dismiss.

**1. Appeal and error ⚖⇒13—Motion to dismiss appeal, as involving same parties, and issues, as pending appeal, denied, as disclosing no error in taking appeal or filing transcript.**

Motion to dismiss appeal, on ground that it .was between same parties and involved same issues as appeal pending in another case, denied, as disclosing no defect, error, or irregularity in taking of appeal or, filing of transcript in Supreme Court.

**2. Appeal and error ⚖⇒13—Appeal from judgment ordering payment to defendant will not be dismissed because of pending appeal from judgment dismissing suit to enjoin payment.**

Appeal from judgment ordering clerk to pay fund deposited in court to defendant will. not be dismissed because of pending appeal from judgment dismissing suit to enjoin payment, *latter judgment not determining ownership of fund, whereas whole case may be finally disposed of on second appeal.*

**3. Appeal and error ⚖⇒786—Appeal will not be dismissed because taken merely for delay (Code Prac. art. 907).**

That appeal was taken merely for delay is not ground for its dismissal, under Code Prac. art. 907.

On the Merits.

**4. Religious societies ⚖⇒25—Petition held insufficient to state cause of action to restrain payment of church fund to depositor, as not sufficiently averring petitioners' interest in fund.**

In suit by members of church congregation to restrain bank from paying to pastor money deposited by him, petition, alleging that fund was accumulated by individual and collective efforts and personal contributions of petitioners and other members of congregation and by "various means" including church fairs, *held* insufficient to disclose right or cause of action, as not sufficiently averring that plaintiffs had real interest in fund.

**5. Interpleader ⚖⇒26—Answer in interpleader suit, not averring specific contributions to church fund, held not to disclose cause of action.**

Answer in bank's interpleader suit, alleging accumulation of fund by defendants' individual and collective efforts and personal contributions. without averring specific, direct contribution by any, except one, or contribution of fund as whole by them, *held* not to disclose right or cause of action for recovery of sum.

**6. Interpleader ⚖⇒26—Answer in interpleader suit, alleging conditional donation by one defendant, without averring breach of condition, demanding revocation of donations, or praying restraining order, held not to state cause of action (Civ. Code, arts. 1527, 1559, 1566).**

Answer in interpleader suit, alleging conditional donation of $1,000 to $16,500 fund by one defendant, *held* not to state right or cause of action for recovery of such sum, in absence of allegation of breach of condition by actual use of fund, demand for revocation, or dissolution of donations, under Civ. Code, arts. 1559, 1566, for nonperformance of conditions imposed, as authorized by article 1527, or prayer for restraining order, because of alleged illegal attempt to obtain possession of fund for unauthorized purpose.

Appeal from Eighteenth Judicial District Court, Parish of Pointe Coupee; William C. Carruth, Judge.

Suits by S. E. Bertoniere and others against the Bank of New Roads and Louis Savoure, and by the Bank of New Roads against Louis Savoure and others. From a judgment dismissing the first suit, the plaintiff S. E. Bertoniere and others appeal devolutively; from a judgment for the defendant Louis Savoure in the second suit, his codefendants appeal suspensively and devolutively. Motion to dismiss the latter appeal denied, and judgments affirmed.

Bouanchaud & Kearney, of New Roads, for appellants.

Charles I. Denechaud and Ernest J. Robin, both of New Orleans, and Albin Provosty, of New Roads, for appellees.

On Motion to Dismiss.

ROGERS, J. On January 6, 1926, the Rev. Louis Savoure, residing in the parish of Pointe Coupee, deposited with the bank of New Roads the sum of $16,500 "for account of the Roman Catholic Church of Chenal," and as an evidence thereof received from the depositary a time certificate of deposit bearing 4 per cent. per annum interest, and maturing on January 6, 1927.

Shortly before the maturity of the obligation, upon the application of one S. E. Bertoniere and a number of other persons, residents of the parishes of Pointe Coupee and West Baton Rouge, setting up certain rights in the fund, the depositary and the depositor were ordered to show cause by the judge of the district court why an injunction should not issue to restrain the depositary from paying over the amount represented by the certificate of deposit to the depositor or his assignee. The rule was tried on exceptions, six in number, filed by respondent Rev. Louis Savoure. Three of these exceptions were overruled, and three were maintained, viz. misjoinder of parties plaintiff, no right or cause of action, and that plaintiffs were without right to stand in judgment. The suit was dismissed, and from the judgment some 22 of the plaintiffs appealed devolutively, and their appeal is now pending in this court under No. 28288 of the docket.

On January 4, 1927, two days before its obligation became due, the Bank of New Roads instituted a proceeding in the district court, in which it impleaded S. E. Bertoniere and certain of his coplaintiffs in the injunction suit and the Rev. Louis Savoure. In its petition, the said bank referred to the aforesaid injunction suit, and averred that certain plaintiffs in said suit had served upon it an affidavit, purporting to be based on Act 90 of 1926, in which they claim rights in the fund, and notifying petitioner not to pay it over to the Rev. Louis Savoure. The petitioner further averred that it was not desirous of assuming the responsibility of paying over the fund to the Rev. Louis Savoure upon the surrender of the certificate, nor, on the other hand, was it desirous of assuming the responsibility of refusing to honor the certificate when it was presented for payment at its maturity. Petitioner, accordingly, deposited the fund in the registry of the court, in order that the respective rights and claims of S. E. Bertoniere and his coplaintiffs and of the Rev. Louis Savoure might be judicially determined. The defendants filed their answers, and the case was tried, resulting in a judgment, rejecting the demands of S. E. Bertoniere and his associates, and ordering the clerk of court to pay over the fund to the Rev. Louis Savoure. Bertoniere and his codefendants in the suit appealed suspensively and devolutively from the judgment. The transcript was lodged in this court on February 24, 1927, and on the next day the Rev. Louis Savoure filed a motion to dismiss the appeal, on the ground that it is between the same parties and involves the same issues as the case of Bertoniere et al. v. Savoure, No. 28288 of the docket of this court, and which case, when decided, will determine all the rights of the parties; and, on the further ground, that this appeal was taken solely for the purpose of delay and to deprive appellee of the use of the fund in the completion of the new church which is now under construction by him.

[1, 2] The motion to dismiss cannot prevail. The first ground urged by mover fails to disclose any defect, error, or irregularity in the taking of the appeal, or in the filing of the transcript in this court. Lavergne v. Roussel, 139 La. 915, 72 So. 453. Moreover, the first appeal is from a judgment the effect of which was to refuse plaintiffs an injunction, without determining the ownership of the fund in dispute, whereas in the present appeal the whole case is brought up

and can be finally disposed of. It may be that the appeals should be consolidated by an appropriate proceeding in order to bring about an early determination of all the issues between the parties, but neither can be dismissed because of the pendency of the other.

[3] Appellee's objection that the appeal was taken merely for delay is no ground for its dismissal. Code Prac. art. 907; National City Bank v. Barringer, 139 La. 630, 71 So. 894.

The motion to dismiss the appeal is therefore denied.

BRUNOT, J., takes no part.

### On the Merits.

LAND, J. The above suits are numbered, respectively, 268 and 378, on the docket of the Eighteenth judicial district court for the parish of Pointe Coupee, and have been consolidated for trial and decision in this court, as they grow out of the same subject-matter.

The petitioners in suit No. 268, Bertoniere et al. v. Louis Savoure et al., are residents of the parish of West Baton Rouge, and are affiliated members of the Roman Catholic Church of the Immaculate Conception of Chenal in the parish of Pointe Coupee.

Petitioners allege in this suit that they placed in the custody of the defendant the Rev. Louis Savoure, the pastor of their church, a lump sum of $16,500, contributed in money and labor by themselves, and by other members of the church not parties to this suit, and raised by "various means" including "church fairs"; that this sum was placed in the hands of defendant, with the distinct understanding and acquiescence on his part that the same should be used for building a new church at the present site at Chenal; that the fund has been deposited by defendant in the Bank of New Roads in said parish in the name of the "Roman Catholic Church of Chenal"; and that the bank has issued to defendant a time deposit certificate.

Petitioners allege that a call for bids for the construction of a brick church at Lakeland in said parish has been advertised by defendant, as the secretary and treasurer of the board of trustees of the Roman Catholic Church of the Immaculate Conception of Pointe Coupee, La., and that, unless restrained, the defendant will illegally deliver to said board the fund on deposit or the certificate therefor, and that said board will illegally divert and use said fund in the construction of the new church at Lakeland, and that immediate and irreparable injury, loss, or damage will result thereby to petitioners.

Petitioners allege their right to the issuance of a preliminary injunction, and pray that, after due hearing, the defendant the Rev. Louis Savoure be enjoined from indorsing and transferring the certificate of deposit to the board of trustees of the Chenal Church, and that the Bank of New Roads be restrained from paying to the defendant, or to any one by his order, the fund in dispute or any part thereof.

The exceptions of misjoinder of parties plaintiff, of no right or cause of action, and that plaintiffs have no right to stand in judgment, pleaded by the defendant the Rev. Louis Savoure, were sustained in the lower court. Plaintiffs' demands were rejected, and the suit was dismissed at their cost.

Twenty-two of the 217 original plaintiffs in suit No. 268 on the docket of the Eighteenth judicial district court have appealed from this judgment, and are seeking in this court to control the entire building fund of $16,500, which they allege was contributed by themselves, by the 195 members of the Chenal Church who have acquiesced in the judgment of the lower court, and by other members of the congregation not parties to this suit.

The judgment appealed from was rendered August 2, 1926, and, as the appeal was devolutive only, the Rev. Louis Savoure thereafter attempted to withdraw this fund from the Bank of New Roads upon tender to the bank of the time deposit certificate. As the Bank of New Roads had been notified by plaintiffs in suit No. 268 of the rights claimed by them in the fund, the bank, on January 4, 1927, during the pendency of the devolutive appeal in suit No. 268, filed its petition in suit No. 378, Bank of New Roads v. Rev. Louis Savoure and S. E. Bertoniere et al., deposited the fund of $16,500 into the registry of the court, and prayed that plaintiffs in suit No. 268 be cited to assert whatever claims they might have to the fund, and that the respective rights of the parties thereto be duly adjudicated.

The petition of the Bank of New Roads was answered by only 22 of the original plaintiffs in suit No. 268, the injunction suit, who set up their claims to the entire fund.

The Rev. Louis Savoure also answered the petition of the Bank of New Roads, alleging that the fund was contributed in various ways by the people for the building of the new church, and averring that the refusal of the bank to honor the time certificate deposit presented by him was unwarranted and a violation of its contract with him.

Judgment was rendered in the bank's suit, No. 378, rejecting the demands of all of the plaintiffs in suit No. 268, made defendants in the bank's suit, No. 378, and dismissing their suit, and ordering the clerk of the court to pay over to the respondent the Rev. Louis Savoure the entire fund of $16,500 deposited in the registry of the court. From this judgment the 22 defendants, plaintiffs in suit No. 268, have appealed.

[4] In our opinion, the exception of no right or cause of action, filed in the injunction suit, No. 268, Bertoniere et al. v. Louis Savoure et al., was correctly sustained.

It is alleged in article VI of this petition in the injunction suit:

"That by individual and collective and faithful efforts on the part of *your petitioners and other members of said congregation*, and by personal contributions *in large and small amounts of money and labor made by petitioners and other members of said congregation*, with the co-operation of Louis Savoure, at divers dates from June, 1921, to the year 1926, a fund aggregating the sum of $17,000 has been accumulated and intrusted to the custody of the said Louis Savoure, for the purpose of defraying in whole or in part the construction of said new church at Chenal, as aforesaid."

It is not averred in the petition that any one of the petitioners has made any specific and direct contribution to this fund, either in money or labor, or otherwise. It is not even alleged that the fund, as a whole, was contributed by petitioners.

Accepting the averments of the petition as true, for the purpose of disposing of the exception of right or cause of action, we are not advised as to the part of the fund contributed by petitioners, nor as to the part contributed by the other members of the congregation not parties to this suit. Whether the original petitioners constitute a majority or a minority of the members of the congregation of the Chenal Church is not disclosed by the petition.

It is also alleged by petitioners that the fund for the building of the new church at Chenal was raised by "various means," including "church fairs." As far as we are informed by the petition, this fund may consist very largely of the proceeds of fairs, entertainments, and various functions held and given for the benefit of the new church, and attended by strangers and the public in general, as well as by some of the members of the congregation of the Chenal Church.

It is evident that such vague and general allegations do not set forth a right or cause of action, as no actual and real interest in

the fund is sufficiently averred by petitioners, or any of them, upon which may be predicated either the right to recovery of any specific sum or the right to the issuance of an injunction.

Under such indefinite allegations, petitioners have no more right to control this fund than any other member of the congregation of the church of Chenal, or, as far as that is concerned, than any stranger or member of the general public, who may have attended ed church fairs, etc., and contributed in that way to the fund for the new church.

We cannot conceive how the appellants, a small minority of the original petitioners, can maintain successfully the legal right to tie up this fund in its entirety through the process of injunction.

In our opinion, plaintiffs' petition in suit No. 268 fails to disclose a right or cause of action, and plaintiffs' demands and suit were properly rejected and dismissed by the lower court.

[5] The joint answer of plaintiffs to the suit of the Bank of New Roads, No. 378, is mere reiteration of the vague allegations of the petition in the injunction suit, No. 268, with the single exception of the defendant Edmond G. Rougon, who claims specifically the sum of $1,000, alleged to have been donated by him on June 21, 1922, to the fund of $16,500, with 4 per cent. per annum interest, the rate of interest borne by the time deposit certificate.

Notwithstanding the specific claim of Rougon, we are of the opinion that the testimony of all of the defendants in the bank suit was properly excluded by the trial judge, for the reason that said answer or intervening petition does not disclose a right or cause of action.

[6] It is true that Rougon alleges that he made the special donation of $1,000 for the Chenal Church benefit, to be used for that purpose only, and that respondent accepted same subject to that condition.

But neither Rougon nor the other defendants have alleged in their joint answer that respondent has breached said condition by the actual use of the fund of $16,500, but merely aver *that respondent is attempting* illegally to obtain possession of the fund in controversy, and to use said fund for the purpose of defraying the cost, either wholly or in part, of the construction of the new church at Lakeland in the parish of Pointe Coupee. With the entire fund of $16,500 deposited in the registry of the court, there could have been no violation of the condition upon which the donations were made, when the answer was filed in this case.

"The donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals." Civil Code, art. 1527. Donations inter vivos are liable to be revoked or dissolved on account of the nonperformance of the conditions imposed on the donee. Civil Code, art. 1559.

"But if the conditions be potestative—that is, if the donee is obliged to perform them— the dissolution must be sued for and decreed judicially. Civ. Code, art. 1566." Baker v. Baker, 125 La. 972, 52 So. 116.

Neither Rougon nor the other defendants demand, in their joint answer, the revocation or dissolution of the donations alleged to have been made, on the ground of nonperformance of the condition imposed upon the donee.

Nor do they pray, in their answer, for any restraining order against respondent because of the alleged illegal attempt on his part to obtain possession of the fund for the purpose of building the new church at Lakeland, instead of at Chenal in the parish of Pointe Coupee.

Under such a state of pleading, it is clear that the answer or intervening petition fails to set forth a right or cause of action.

In our opinion, the judgments appealed

from in suits Nos. 268 and 378 on the docket of the lower court are correct.

Judgments affirmed.

BRUNOT, J., takes no part.
THOMPSON, J., concurs in decree.