HARDY, Judge.
This suit was instituted by plaintiff seeking reimbursement of the sum of $1,100, representing the value of improvements placed upon certain described property in Avoyelles Parish during his occupancy thereof and prior to acquisition of ownership by defendant. From a judgment in favor of plaintiff, the defendant has appealed.
The facts are largely undisputed. On May IS, 1945, by act of partition, Mrs. Myrtle G. Prevot Clifford acquired the ownership of certain described real property located in the town of Mansura, Avoyelles Parish. Subsequent to Mrs. Clifford’s acquisition of the property, her mother, Mrs. Ferdinand Prevot, and her brother, Ellis Prevot, the plaintiff herein, occupied the premises, and during this period the plaintiff placed numerous improvements upon the said property. Shortly after the death of Mrs. Prevot, a letter was directed to plaintiff by counsel for his sister, Mrs. Clifford, under date of March 28, 1957, requesting that plaintiff vacate the premises within thirty days from date of March 25, 1957; further advising that Mrs. Clifford had elected to keep the buildings and improvements placed upon the property by the said Ellis Prevot and suggesting procedure for the selection of appraisers to determine the amount which would be due as compensation therefor. By deed of date April 5, 1957, Mrs. Clifford sold and conveyed the property described, together with all improvements, to the defendant, Kirkland D. Courtney, which act of conveyance stipulated that possession of the property would be delivered April 25, 1957. On April 8, 1957, Courtney filed a petition praying for an injunction against Ellis Prevot and his wife, prohibiting the removal of certain described improvements, including those which are involved in the instant case. Pursuant to an agreement and stipulation between the parties, there was judgment enjoining and prohibiting Prevot and his wife from removing any of the fixtures, buildings, accessories or properties forming a part of the premises described, with the exception of certain specified items listed in the judgment, which are not here concerned.
In the instant case learned counsel for the parties litigant have devoted their attention primarily to questions of law with respect to the classification of the improvements for which reimbursement is *563 sought, that is, whether they constitute immovables by destination or by nature. We do not observe that a determination of the legal technicality is either necessary or pertinent to the resolution of the contest before us. Question of ownership and rights of election as to the improvements are not at issue. Plaintiff’s action constitutes a simple claim for reimbursement arising from the fact of election by the defendant to keep the improvements described. This claim is resisted on the ground that the election was made by defendant’s vendor and that the conveyance of the property and all improvements relieved defendant of any liability and imposed the burden of payment upon his vendor, Mrs. Clifford. We think this is purely a factual question, and the record abundantly supports plaintiff’s claim. In this suit the defendant is represented by the same counsel who wrote the letter of March 28th, addressed to this plaintiff on behalf of Mrs. Clifford; plaintiff is here represented by the same counsel who acted for him in the injunction suit; counsel for Prevot, Mrs. Clifford and Courtney agreed upon the value of the improvements; Courtney’s injunction suit against Prevot fully evidenced his knowledge and recognition of the fact that Mrs. Clifford, from whom he had acquired title, did not own the improvements, and constituted an election on his part to substitute himself for Mrs. Clifford. It is further of some significance to note that the suspensive appeal bond in this case was signed by defendant, Courtney, as principal, and Mrs. Clifford, as surety.
Under the above stated facts we are convinced that there can be no question as to the liability of defendant. Nor is it required of plaintiff, as contended, to attempt to enforce his claim against a former owner of the property. He has properly proceeded against the present owner, whose actions have abundantly established his independent election to retain the improvements. It follows that he is bound to reimburse plaintiff for their value.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.