**Ellis PREVOT**

v.

**Kirkland D. COURTNEY.**

No. 45300.

Jan. 9, 1961.

Rehearing Denied Feb. 15, 1961.

Laborde, Lafargue & Brouillette, Marksville, for defendant-relator.

Charles A. Riddle, Jr., Marksville, for plaintiff-respondent.

HAWTHORNE, Justice.

Ellis Prevot instituted this suit against Kirkland D. Courtney to recover $1,100, the appraised value of improvements made by him on certain real property before the defendant's acquisition of this property. The district court awarded plaintiff $1,100, and the Court of Appeal affirmed that judgment. We granted a writ on application of defendant, and the case is before us under our supervisory jurisdiction.

The pertinent facts are not in dispute. In 1945 Mrs. Myrtle G. Prevot Clifford, who is not a party to this suit, acquired certain real property in the Town of Mansura. Mrs. Clifford's mother, Mrs. Ferdinand Prevot, was allowed to occupy the premises until her death in 1957. Plaintiff, Mrs. Clifford's brother, lived on the premises with their mother, and during this time placed certain improvements on the property. After her mother's death Mrs. Clifford conveyed the real property "with all buildings and improvements thereon" to defendant Kirkland D. Courtney for $11,500.

Plaintiff instituted the instant suit alleging that the defendant had elected to retain these improvements rather than to permit their removal, and that consequently plaintiff is entitled to recover their value. On the other hand defendant contends that he acquired the real property, together with all the buildings and improvements thereon, on the faith of the public records, which showed no titles in or claims by the plaintiff. Defendant further alleges that if these improvements were made by plaintiff, they were made before his acquisition and during the time his vendor was the owner of the property; that his vendor prior to the sale had elected to retain these improvements and to reimburse plaintiff for their value, and that under these circumstances, if anything is due plaintiff for the improvements, it is owed by Mrs. Clifford, the vendor, and not by defendant.

The Court of Appeal affirmed the judgment of the district court on the theory that defendant had knowledge that Mrs. Clifford, his vendor, did not own the improvements, and that defendant elected to retain the improvements and accordingly is bound to reimburse plaintiff for their value. See 121 So.2d 561.

The improvements placed on the property are listed by plaintiff in his petition as a tractor shed, a poultry house, a fence around the pasture, water pipes leading to the tenant house, and a water well with pipes and accessories. These improvements have been appraised as a whole at $1,100; no appraised value is shown of any single item. All of these improvements were put on the property while it was owned by Mrs. Clifford and before it was acquired by the defendant.

As between Mrs. Clifford and the plaintiff Prevot, the applicable law is Article 508 of the Civil Code, which reads as follows:

"Art. 508. When plantations, constructions and works have been made by a third person, and with such person's own materials, the owner of the soil has a right to keep them or to compel this person to take away or demolish the same.

"If the owner requires the demolition of such works, they shall be demolished at the expense of the person who erected them, without any compensation; such person may even be sentenced to pay damages, if the case require it, for the prejudice which the owner of the soil may have sustained.

"If the owner keeps the works, he owes to the owner of the materials nothing but the reimbursement of their value and of the price of workmanship, without any regard to the greater or less value which the soil may have acquired thereby. * * *"

When he placed the improvements on the property, plaintiff was a third person within the meaning of Article 508. He had no right to remove the improvements, but Mrs. Clifford as the owner of the soil had the right to keep them or to compel plaintiff to take away or demolish them. Before her sale to defendant Mrs. Clifford wrote the plaintiff that she had elected to keep all of the improvements he had placed on the property and to pay or compensate him for their value, which would be determined by an appraisement. This is evidently the appraisement of $1,100 mentioned above. Thus Mrs. Clifford elected to retain these improvements, as she had a right to do. Therefore, when she later sold to the defendant by notarial act, which was duly recorded, the property with all the buildings and improvements thereon, title to these improvements became vested in her vendee, and plaintiff has no claim against him for their value. If anything is due to plaintiff, it is owed by Mrs. Clifford and not by the defendant.

The fact that defendant after his acquisition filed an injunction suit to restrain the plaintiff from removing these improvements cannot, in our opinion, be construed as an election by him to retain them and pay plaintiff under the provisions of Article 508. He sought the injunction in that suit on the basis of his acquisition of the improvements by deed and purchase from Mrs. Clifford; the injunction suit was not an act of election by defendant to keep the improvements under Article 508, but was an assertion of ownership based upon his acquisition and purchase by deed.

Under these circumstances it is not necessary for us to determine whether the improvements were immovables by nature or by destination. There can be no question, however, that the tractor shed and the poultry house were immovable by nature

under Article 464 of the Civil Code, which provides that lands and buildings or other constructions, whether they have their foundations in the soil or not, are immovable by their nature. Article 2266 of the Civil Code provides that all contracts affecting immovables if not duly recorded are utterly null and void except between the parties. Plaintiff does not assert any recorded claim or title to these improvements. Consequently, when defendant purchased the property from the record owner, title to the improvements was vested in him. Any other holding would be directly contrary to the well settled jurisprudence of this court, the landmark case on the subject being McDuffie v. Walker, 125 La. 152, 51 So. 100.

■ Mrs. Clifford, from whom defendant acquired the property, was the owner of record. This court has held many times that a party who purchases real property on the faith of the records acquires valid title to all the buildings and improvements on the land. Westwego Canal & Terminal Co. v. Pizanie, 174 La. 1068, 142 So. 691; Louisiana Land & Pecan Co. v. Gulf Lumber Co., 134 La. 784, 64 So. 713; see Davis-Wood Lumber Co. v. Insurance Co. of North America, La.App., 154 So. 760.

Westwego Canal & Terminal Co. v. Pizanie, supra, involved the title to certain buildings and improvements placed on the property by a lessee of a prior owner. This court said [174 La. 1068, 142 So. 692]:

"It has become trite law in this state that a third person can acquire a good title from the owner of record, even though knowing this owner is not the true owner. This view has been repeatedly affirmed. McDuffie v. Walker, 125 La. 152, 51 So. 100; Gonsoulin v. Sparrow, 150 La. 103, and numerous authorities cited at page 107 and page 108, 90 So. 528, 529. Innocent third persons who deal on the faith of the public records are protected thereby. They are not affected by any knowledge they may acquire dehors the record. Manifestly, in this case, estoppel of plaintiff to claim title cannot be based upon any knowledge which the president of plaintiff company may have had, outside of the public records, as to the ownership of the building in dispute.

"Louisiana Land & Pecan Co. v. Gulf Lumber Co., 134 La. 784, 64 So. 713, 714, was a petitory action to recover a tract of land with the buildings and improvements thereon. The title to the land was not in dispute. The buildings had been erected on the land by the alleged authors of the defendant's title thereto and the defendant claimed title to the buildings. Its title to the buildings *had never been recorded*. Under these circumstances the court held that, although the title to the land could be in one party and the title of the buildings in another party, if the title to the buildings was not recorded, it could not affect the buildings because they were *immovables by nature.*"

For the reasons assigned the judgment of the Court of Appeal affirming the judgment of the district court is reversed, annulled, and set aside, and plaintiff's suit is dismissed at his costs.