HARWELL L. ALLEN, Judge ad hoc.
This is an appeal from a judgment evicting defendant from a camp.
The building involved in this suit was constructed during World War II by the United States Government as a weather station. In 1945, the government sold the building to Land Investment Company, Inc. with the provision that it must be moved unless permission could be obtained from the landowner for it to remain.
The building was located on land owned by Plaquemine Land Company and plaintiffs obtained from this company a month-to-month lease, without compensation, for *105 the use of the tract of land on which the camp was located and also permission to maintain the camp building thereon. Subsequently, plaintiff, Joseph Meraux, acquired one-half interest in the building from Land Investment Company and defendant concedes that plaintiffs, Joseph M. Meraux and Land Investment Company, Inc., are the owners of the camp building.
At present, although the full ownership is not shown, it appears from the record that several persons own an undivided interest in the land on which this camp is located. Plaintiff proved that some of the co-owners had given him permission to use the tract of land where the camp was located and defendant claimed two of the co-owners had given him permission to use the site.
We need not determine the ownership of the land or the validity of the alleged leases thereon to plaintiffs and defendant since plaintiffs have conceded in their brief that they have no right to evict defendant from the land. Plaintiffs stated that “the notice to vacate and the judgment of eviction concern only the camp building. Plaintiffs make no attempt in this appeal to evict defendant from the land itself”.
The question is therefore whether the plaintiffs have a right to evict defendant from a camp building owned by them but located on land belonging to other persons.
Plaintiffs brought this action under Article 4702, LSA-C.C.P., which provides:
“When an owner of immovable property wishes to evict the occupant therefrom, after the purpose of the occupancy had ceased, the owner, or his agent, shall first cause a written notice to vacate the property to be delivered to the occupant.
“This notice shall allow the occupant five days from its delivery to vacate the premises.”
Plaintiffs notified defendant in writing on three occasions that permission for him to occupy this property was terminated, that the purpose of his occupancy had ceased, and requested him to vacate within five days after receipt of notice. Upon his failure to comply, this suit was instituted.
Lands and buildings or other constructions, whether they have their foundations in the soil or not, are immovable by their nature. LSA-C.C. Art. 464.
When a third person makes improvements on the soil of another, the person making them is the owner of them. Ouachita Parish School Board v. Clark, 197 La. 131, 1 So.2d 54; LSA-C.C. Art. 506.
The camp building owned by plaintiffs is immovable property and plaintiffs have the right, under LSA-C.C.P. Art. 4702, to evict the occupant thereof when the purpose of the occupancy has ceased provided they give written notice to vacate and allow five days after delivery for the occupant to vacate.
In their original petition, plaintiffs prayed for a judgment of eviction from the “campsite” and the trial judge ordered defendant to vacate “the campsite situated in the Parish of St. Bernard, State of Louisiana, on the following described piece of land”. The word “campsite” denotes not only the building but also the area of ground described in the judgment. Therefore, since plaintiffs have conceded that they have no right to evict defendant from the land itself, the judgment must be amended to apply only to the camp building.
Plaintiffs answered the appeal and prayed that they be awarded the sum of $600.00 as damages for frivolous appeal. This court, in denying a previous motion by plaintiffs to dismiss this appeal, stated that this case involved an interesting proposition of law and that defendant was entitled to prosecute his suspensive appeal. Meraux et al. v. Andrews, La.App., 134 So.2d 419. The appeal was not frivolous and plaintiffs are not entitled to damages.
*106 For the reasons assigned, the judgment is amended to substitute the words “camp building” for the word “campsite” therein, and, as thus amended, the judgment of the district court condemning the defendant to vacate without delay the camp building situated in St. Bernard Parish on the tract of land described in said judgment, is affirmed. Defendant-appellant to pay all costs.
Amended, and as amended, affirmed.