CULPEPPER, Judge.
This is a suit for the return of a building and for damages caused by its wrongful removal from plaintiff’s land. The district judge found the building was owned by the defendant, Coralie David, and hence rejected plaintiff’s demand for return of the building and damages. However, the court awarded plaintiff his actual expenses of $245 for moving the house to his land and painting it, under the equitable principle of unjust enrichment. Plaintiff appealed. Defendants answered the appeal, contending the award to plaintiff of $245 is improper.
This litigation arises out of an unusual set of circumstances. The defendant, Mrs. Coralie David, who is 80 years of age, was living alone in a house in the country and desired to move to the town of Breaux Bridge. Her only income was from Welfare and her only possession was this house. She proposed to various members of her family that if one of them would buy a lot in Breaux Bridge and pay for the expense of moving the house to the lot and installing a cess pool and then let her live there rent free for the remainder of her life, she would execute a will leaving the house to the owner of the lot. This proposal was finally accepted by defendant’s niece, Gloria Jones Marcellous, wife of the plaintiff, George Marcellous. Plaintiff also agreed to the proposition and purchased two lots in Breaux Bridge to which the house was moved. It was placed on brick pillars a cess pool was installed and attached to the plumbing, and George Marcellous painted the building. At about the same time, Coralie David executed a will leaving all of her property to plaintiff’s wife.
Coralie David lived in the house rent free for almost two years. During this time she made improvements to the building at a cost of about $1200. In 1969, diffi *180 culties arose between Coralie David and her niece. Finally, Mrs. David contacted her brother, Alex Lewis Jean, and requested that he help her move her house from plaintiff’s lot. Alex purchased a lot, about two doors away, and had the house moved to it. This suit followed.
Essentially, plaintiff contends that he became the owner of the house when it was moved onto his lot, and that he can recover for its wrongful removal without his consent. On the other hand, defendant, Cora-lie David, contends she never lost her ownership of the house and had the right to move it.
The first issue to which we will address ourselves is plaintiff’s contention that when the house was moved to his lot in Breaux Bridge, installed on brick pillars and a cess pool constructed and connected to the plumbing, it became immovable by nature and its ownership passed to the owner of the lot. Plaintiff cites LSA-C.C. Articles 464 and 506 and the case of Lighting Fixture Supply Company, Inc. v. Pacific Fire Insurance Company of N. Y., 176 La. 499, 146 So. 35 (1933), for the proposition that buildings are immovable by nature and not susceptible of ownership separate from the land.
The issue is discussed in detail in Yiannopoulos, Civil Law of Property, Sections 43, 46 and 93. Under traditional civilian concepts, the ownership of land was not susceptible of horizontal division. However, Article 506 of the Civil Code of 1870 states that “All the constructions, plantations and works, made on or within the soil, are supposed to be done by the owner, and at his expense, and to belong to him, unless the contrary be proved. * * *” (emphasis supplied). This language clearly contemplates the ownership of buildings separate from the land. Buildings are presumed to belong to the owner of the soil, but a person claiming the ownership of a building on the land of another can overcome that presumption by proof to the contrary, Ouachita Parish School Board v. Clark, 197 La. 131, 1 So.2d 54 (1941); Meraux v. Andrews, 145 So.2d 104 (La.App. 4th Cir. 1962); and Haney v. Dunn, 96 So.2d 243 (La.App.1957).
The next question is whether Coralie David has sustained her burden of proving that she owned the house which was located on plaintiff’s lot. Since she owned the house before it was moved to plaintiff’s lot, she remained the owner unless she conveyed it to plaintiff. Plaintiff contends ownership of the house was transferred by an oral donation inter vivos. But buildings are immovable by nature, whether they belong to the owner of .the ground or not, Cloud v. Cloud, 145 So.2d 331 (La.App. 3rd Cir. 1962); Meraux v. Andrews, supra; Buchler v. Fourroux, 193 La. 445, 190 So. 640 (1939); Yiannopoulos, Civil Law of Property, Section 46. Under LSA-C.C. Article 1536, every donation inter vivos of immovable property must be by an act passed before a notary public and two witnesses. In the present case, there was no written instrument whatever and hence there was no donation inter vivos of this house. The only thing in writing was the will executed by Coralie David leaving all property of which she died possessed to her niece, Gloria Marcellous. Of course, the will did not take effect since Coralie David is still alive, and, furthermore, the will could be changed by the testatrix at any time before her death, LSA-C.C. Article 1469.
Plaintiff also contends this is an onerous donation and that the rules peculiar to donations inter vivos do not apply, since in this case the value of the object given did not exceed by one-half that of the charges and services rendered by the donee, LSA-C.C. Article 1526. Even assuming that there was an onerous donation, and that Civil Code Article 1523, requiring an act before a notary and two witnesses, does not apply, there remains the fact that the ob *181 ject given in this case was an immovable, the transfer of which must he in writing, LSA-C.C. Article 2275. There was no written transfer of the house.
We conclude the evidence shows the ownership of the house remained in Coralie David while it was located on plaintiff’s lot. In consequence, Coralie David had the right to move the house from plaintiff’s lot and his demand for its return and damages must be rejected.
It is noteworthy that the present litigation involves the parties to the transaction and not a third person relying on the public records. Prevot v. Courtney, 241 La. 313, 129 So.2d 1 (1961). Furthermore, plaintiff does not assert in these proceedings any rights which he may have under LSA-C.C. Article 508.
Defendant filed an answer to the appeal, contending the district court erred in awarding plaintiff the sum of $245, representing his actual cost for moving the house to his lot and painting it. Apparently, this award was made under LSA-C.C. Article 1965, which states the equitable principle that “no one ought to enrich himself at the expense of another.” We agree this equitable principle supports the award. Plaintiff actually expended this amount to move the house to Breaux Bridge and paint it. Of course, Coralie David consented to these expenditures and benefited from them. Counsel for Coralie David argues there is a presumption that services rendered by and between relatives are gratuitous. We think it is clear in the present case that these services furnished by plaintiff were not intended to be gratuitous. The parties intended that plaintiff would ultimately be compensated by becoming the owner of the house under Coralie David’s will, but of course this event did not occur. We conclude the award of $245 is justified.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.